IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| New York Life Insurance Company, | ) | C/A No.: 4:25-04338-SAL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Betty Hines and Articia Futch, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

On September 22, 2025, Interpleader Plaintiff New York Life Insurance Company ("New York Life") filed a Motion for Default Judgment as to Betty Hines, ECF No. 26, pursuant to Federal Rule of Civil Procedure 55(b)(2). This court issued an order advising Betty Hines that the Clerk of Court had previously entered default against her, and that should she fail to respond to New York Life's Motion, this court may grant the Motion. *See* ECF No. 27.  Betty Hines filed a Response to the Motion, ECF No. 33, as well as her Answer, ECF No. 32 on October 23, 2025. Defendant Articia Futch then filed a Reply to Hines's Response. *See* ECF No. 33. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

I.      Procedural History & Relevant Factual Background

New York Life filed its Complaint for Interpleader Relief on May 21, 2025 against Hines and Futch, competing claimants to the death benefits owed under a life insurance policy, no. XXXX8770 (the "Policy") issued by New York Life. The policy proceeds, in the amount of $10,000.00, insured the life of Clarence Wolfork. *See* Compl., ¶ 8. New York Life issued the life

insurance policy on March 7, 2006. *See* Compl., ¶ 8. New York Life alleged that in March 2018, Wolfork completed a Beneficiary Confirmation Form designating Hines as the 100% primary beneficiary of the Policy. *See* Compl., ¶ 9; *see also* Beneficiary Confirmation Form, attached as Exhibit C to the Complaint. On May 1, 2024, New York Life further alleges that it received a Beneficiary Change Form, dated May 1, 2024, designating Hines as the sole beneficiary of the Policy. *See* Compl., ¶ 10; *see also* Beneficiary Change Form and Beneficiary Confirmation Form, attached as Exhibit D to the Complaint.

New York Life alleges that on On May 28, 2024, Carlotta Futch sent a fax enclosing a Durable Power of Attorney, purportedly executed by Wolfork, naming Carlotta as Decedent's Agent. *See* Compl., ¶ 11; *see also* Durable Power of Attorney for Financial Management, attached as Exhibit E to the Complaint. New York Life alleges Carlotta Futch sent another fax on June 10, 2024, requesting New York Life update Wolfork's contact information and mail a copy of the Policy and a Change of Beneficiary Form. *See* Compl., ¶ 13; *see also* Letter from Carlotta Futch, attached as Exhibit F to the Complaint. New York Life alleges on June 18, 2024, Carlotta Futch requested via telephone that Articia Futch be named as the sole beneficiary of the Policy. *See* Compl., ¶ 14; *see also* Confirmation Letter from New York Life, attached as Exhibit G to the Complaint.

New York Life alleges that on or about July 9, 2024, shortly after Wolfork's passing, it received an e-mail from Hines, objecting to the removal of her as the primary beneficiary of the Policy and asserting that the change of beneficiary was procured by fraud. *See* Compl., ¶¶ 16, 17; *see also* E-mail from Hines, attached as Exhibit I to the Complaint. New York Life alleges Hines also provided years' worth of check and bank records to show that she paid the premiums on the Policy. *See* Compl., ¶ 16. New York Life alleges that on July 16, 2024, it received a Claim Form

2

from Articia Futch. *See* Compl., ¶ 17; *see also* Futch Claim Form, attached as Exhibit J to the Complaint. New York Life alleges that Hines sent them Wolfork's medical records on July 29, 2024, indicating that as of April 18, 2024, Wolfork may have been experiencing memory loss and confusion. *See* Compl., ¶ 18. New York Life alleges it then requested and received a letter from a family nurse practitioner, accompanied by records from a local emergency room physician, indicating that Wolfork was diagnosed with Alzheimer Dementia in the discharge summary of the local emergency room physician. *See* Compl., ¶ 19. New York Life informed both Hines and Futch of their adverse claims related to the Policy; however, Hines and Futch were unable to reach a resolution, as each maintain that they are the sole beneficiary of the benefits under the Policy. *See* Compl., ¶¶ 20-21. This lawsuit ensued.

On May 30, 2025, New York Life served Hines with a summons and a copy of the Complaint. *See* ECF No. 7.[1] Hines, however, failed to file a response to the Complaint or otherwise appear in this matter by the deadline, June 20, 2025, as provided for in the Federal Rules of Civil Procedure. On August 21, 2025, New York Life filed a Motion for Entry of Default as to Hines. ECF No. 21. The Clerk of Court entered an Entry of Default as to Hines on August 22, 2025. ECF No. 24. Approximately one month later, New York Life filed its Motion for Default Judgment as to Hines. ECF No. 26. This court then issued an order advising Hines that if the Motion for Default Judgment were granted, it would end this matter, and she could be deemed to have forfeited any claim of entitlement to any proceeds under the Policy. *See* ECF No. 27 at 1. Hines was advised that any response must also include a response to the Complaint filed by New York Life. *See* ECF

---

[1]Futch executed a Waiver of Service on May 22, 2025. ECF No. 5. Futch also filed an Answer and Crossclaim against Hines on July 14, 2025. ECF No. 8.

No. 27. This order was sent to Hines via regular and certified mail. The court ordered Hines to file a response on or before October 24, 2025. ECF No. 27.

Hines filed an Answer to the Complaint, as well as a Crossclaim against Articia Futch on October 23, 2025. ECF No. 32. She also filed a Response in Opposition to the Motion for Default Judgment that same day, which the court has construed as her request to set aside default. ECF No. 33. On October 31, 2025, the court received what was styled as a "Reply" to Hines's Response from Futch. ECF No. 34. In Futch's Reply, she states that Hines failed to respond to the Motion for Default Judgment by the date requested by the court; however, the court timely received Hines's Response. For the reasons that follow, the undersigned recommends denying Defendant's Motion for Default Judgment, ECF No. 26, and setting aside the entry of default as to Hines.[2]

II.      Analysis

Federal Rule of Civil Procedure 55(b) authorizes the entry of default judgment when a defendant does not plead or otherwise defend in accordance with the Rules. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). To obtain a default judgment, a party must first seek entry of default pursuant to Rule 55(a). *Bruce v. T-Mobile U.S.A., Inc.*, No. 2:21-cv-00895-BHH-MGB, 2021 WL 5823002, at *1 (D.S.C. Aug. 6, 2021); *see also Progressive Northern Ins. Co. v. Jackson*, No. 5:19-cv-02002-JMC, 2020 WL 4904824, at *3 (D.S.C. Aug. 20, 2020). Once the clerk enters the entry of default, if the claim is not for a sum certain, the party may then seek a default judgment under Rule 55(b). *Jackson*, 2020 WL 4904824, at *3.[3] Here, New York Life does

---

[2] Futch also argues that Hines did not include a response to the Complaint as requested by the court; however, Hines did in fact file an Answer and Crossclaim. *See* ECF No. 32.

[3] Upon entry of default, the defaulting party is deemed to have admitted all well-pleaded allegations of fact contained within the Complaint. *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Const. Co. Ltd. v. Houston Nat.'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the defaulting party is not deemed to have admitted conclusions of law, nor is the entry of default treated as a confession by a defendant that he is liable, and the plaintiff has a right to recover. *Id.*

not seek a sum certain; rather, New York Life seeks a determination as to the rights of the Defendants to the death benefits owed under the Policy. Further, the undersigned's review of the docket confirms Hines initially failed to plead or otherwise file a responsive pleading or appear in this case.

The court may set aside an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure on a showing of good cause. The rule should be construed liberally "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969)). "Traditionally, . . . relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *Moradi*, 673 F.2d at 727. In *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 417 (4th Cir. 2010), the Court of Appeals for the Fourth Circuit noted that it has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."

The Fourth Circuit has outlined the following six factors that district courts may examine in deciding whether to grant relief from default for good cause shown: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Considering the factors set forth in *Payne* and after careful review of the parties' memoranda, the undersigned finds Hines has shown good cause and that the entry of default against her should be set aside, and she should be permitted to file an answer in this case. Because Hines has already filed an Answer and Crossclaim, the undersigned directs

the parties to consider Hines's Answer, ECF No. 32, as her responsive pleading for the reasons set forth below.

    1.   Existence of a Meritorious Defense

The court first considers whether Hines has demonstrated she can provide a meritorious defense against Plaintiff's claims. In her Response, Hines states that she initiated a request for investigation into potential insurance fraud regarding the Policy and attached a letter purportedly sent by her referencing the same. *See* ECF No. 33, ECF No. 33-1.[4] While the copy of the letter she attached does not contain who it was sent to, it appears to be the same letter referenced in New York Life's Complaint and attached as Exhibit I. As stated by the Fourth Circuit, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727 (citations omitted). "While the bare allegation of a meritorious defense is insufficient, the defendant's burden is minimal." *Norton v. Gen. Motors, LLC*, No. 4:19-329-DCC-KDW, 2019 WL 3308393, at *4 (D.S.C. Apr. 10, 2019), *report and recommendation adopted*, No. 4:19-00329-DCC, 2019 WL 2511241 (D.S.C. June 18, 2019). Based on the pleadings currently in the record, it is conceivable that Hines has a meritorious claim regarding the determination of the rightful owner of the death benefits due and owing on the Policy, thereby satisfying the first *Payne* factor. *Payne*, 439 F.3d at 204-05.

    2.   Acting with Reasonable Promptness

Turning to the second *Payne* factor, the court finds Defendant Hines has demonstrated she acted with reasonable promptness upon receiving the notice from the court in this case.

---

[4] In her Reply, Futch denies any allegations of fraud, to the extent Hines implies Futch engaged in any such conduct.

Determining whether a party has acted with reasonable promptness requires a tailored analysis "gauged in light of the facts and circumstances of each occasion." *Moradi*, 673 F.2d at 727. Here, Hines, who is proceeding pro se, states that she was under the mistaken belief that because she sent a letter asking New York Life to investigate the rightful beneficiary of the death benefits due on the Policy, she was not required to submit at Answer to New York Life's Complaint. *See* ECF No. 33 at 2. Hines apparently believed that because New York Life was seeking permission from the court to deposit the disputed funds into the Clerk of Court's registry, and because she does not object to this relief, she did not need to file a response. *See* ECF No. 33 at 2. Hines further indicates that she is proceeding pro se, because she is unable to afford a lawyer. *Id.*[5]

Fourth Circuit law counsels that "relief from a judgment of default should be granted where the defaulting party *acts with reasonable diligence in seeking to set aside the default* and tenders a meritorious defense." *Moradi*, 673 F.2d at 727 (emphasis added). Here, the undersigned finds Hines acted with reasonable promptness in seeking relief from default. Within one month, after learning that Plaintiff filed a Motion for Default Judgment, and upon receiving the requisite notice from this court, Hines filed her Response and Answer. This she did in a timely manner. While Hines was mistaken in her belief that she did not need to file a responsive pleading to the interpleader action, once she realized that she was in default, she filed the appropriate documents with this court. Therefore, the undersigned agrees that Hines has acted with reasonable promptness.

---

[5] In her Reply, Futch argues that she is also proceeding pro se, has not had the advice of an attorney and yet met all of the deadlines. ECF No. 34 at 2. The court does not dispute these facts; however, the inquiry as to this matter focuses on whether Hines's explanation for the failure to file a responsive pleading by the required deadline is excusable.

3.    Personal Responsibility of Defaulting Party

The third *Payne* factor concerns whether the delay/default was the "personal responsibility of the defaulting party." Here, Hines explained that she initially believed that because she had sent a letter inquiring into the death benefits due under the Policy, she did not need to respond to New York Life's Complaint. Hines was served on May 30, 2025 and her Answer was due June 20, 2025; therefore, approximately four months passed after the deadline before Hines filed an Answer. Hines further states that she attempted to reach out to Futch to discuss settlement of the proceeds, and that it was Hines's belief that she and Futch could negotiate the splitting of the proceeds once deposited into the registry. *See* ECF No. 33 at 2.[6]  While Hines explained the reason for her mistaken belief that she did not need to file an Answer, it is solely the responsibility of a defendant to file a responsive pleading in this case. Thus, the undersigned finds that Hines bears some responsibility for the fact that default was entered against her in this case. However, in considering the circumstances in this case, particularly the fact that Hines had sent a letter to New York Life, as also alleged by New York Life in its Complaint, as well as the fact that this is an interpleader action, the undersigned still finds that Hines has provided an explanation that satisfies the court as to why default is an inappropriate measure in this case. This *Payne* factor, too, weighs in favor of relieving Hines from default.

4.    Prejudice

Hines does not explicitly argue that there would be no undue prejudice to New York Life if default were to be set aside. New York Life did not file a Reply to Hines's Response and has not otherwise argued it would be prejudiced were this court to deny the Motion for Default Judgment. The undersigned finds that based on the relatively short length of time that this case was pending

---

[6] For her part, Futch contends she was never contacted about a settlement. ECF No. 34 at 2.

without a response from Hines, any prejudice to the parties is relatively minimal.[7]

5.   History of Dilatory Action

The undersigned is not aware of any history of dilatory action on the part of Hines, and New York Life has not provided any evidence to the contrary. The court is not aware of any evidence to suggest otherwise. This factor also weighs toward granting relief from default.

6.   Less Severe Sanctions

At this early stage of litigation, where no discovery has commenced, the court could consider sanctions short of entering default. However, nothing before the court suggests that any sanctions would be appropriate.

III.     Conclusion and Recommendation

In view of the above analysis, the undersigned is of the opinion that the *Payne* factors weigh heavily in Hines' favor. The Motion for Default Judgment, ECF No. 26, should be denied, the Entry of Default should be set aside, and this matter should move forward on its merits. *See Colleton Preparatory Acad.,* 616 F.3d at 417 (noting the court's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").[8] Based on this recommendation, should the district judge adopt this Report and Recommendation, Hines's Answer, filed at ECF No. 32, should be accepted as her responsive pleading.

---

[7] Once again, Futch argues that she would be unfairly prejudiced if any "further delays" are granted; however, she does not provide any further explanation as to what this prejudice would be. *See* ECF No. 34 at 2. The Fourth Circuit has also explained that delay in and of itself does not constitute prejudice to an opposing party. *Colleton*, 616 F.3d at 418. Further, the undersigned is cognizant of the fact that Futch is the competing beneficiary to Hines in this case.

IT IS SO RECOMMENDED.

February 9, 2026                                         Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11