IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| New York Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Betty Hines and Articia Futch,<br><br>Defendants. | Case No. 4:25-4338-SAL-KDW<br><br>**ORDER** |

Plaintiff New York Life Insurance Company ("New York Life") filed this action seeking interpleader relief under 28 U.S.C. § 1335. [ECF No. 1 ¶ 4.] New York Life alleges that Defendants Betty Hines and Articia Futch are competing claimants to death benefits owed under a life insurance policy it issued. *Id.* ¶¶ 8, 21. Defendant Hines is in default and seeks relief from default. [ECF Nos. 24, 33, 34.] Before the court is New York Life's motion for default judgment. [ECF No. 26.]

United States Magistrate Judge Kaymani D. West reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued a Report and Recommendation ("Report") recommending New York Life's motion be denied and that Defendant Hines be granted relief from default. [ECF No. 39.] As stated in the Report, Hines has shown good cause for default to be set aside and for the matter to proceed on its merits. *Id.* at 9. Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 11. No party has objected, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **ADOPTS** the Report, ECF No. 39, and incorporates it by reference. As a result, New York Life's motion for default judgment, ECF No. 26, is **DENIED**. The clerk's entry of default against Defendant Hines will be set aside, and this matter will proceed on its merits. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

March 4, 2026                                      Sherri A. Lydon
Columbia, South Carolina                           United States District Judge