IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| New York Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Betty Hines and Articia Futch,<br><br>Defendants. | C/A No. 4:25-cv-04338-SAL-KDW<br><br>**ORDER** |

Plaintiff New York Life Insurance Company ("New York Life") brings this interpleader action to resolve competing claims to the proceeds of a life insurance policy issued to decedent Clarence Wolfork. [ECF No. 1.] On March 30, 2026, New York Life moved to deposit the disputed funds into the court's registry and to be "discharged from [the] action with prejudice." [ECF No. 48.] Neither Defendant responded to New York Life's motion.

On September 10, 2026, Magistrate Judge Kaymani D. West issued a Report and Recommendation (the "Report") recommending that the court grant New York Life's motion and enjoin Defendants from bringing any other action against New York Life concerning the benefits. [ECF No. 65.] Magistrate Judge West advised the parties that they had 14 days to file specific written objections to the Report and warned them of the consequences of failing to do so. *Id.* at 7. To date, no objections to the Report have been filed.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to,

and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, adopts the Report, ECF No. 65, and incorporates it by reference herein. New York Life's motion to deposit interpleader funds, ECF No. 48, is **GRANTED**. New York Life shall be dismissed from this action with prejudice once it deposits the disputed funds, plus any applicable interest, into the court's registry. Pursuant to 28 U.S.C. § 2361, Defendants are enjoined from instituting or prosecuting any other proceeding in any state or federal court affecting New York Life Policy No. XXXX8770 or its proceeds. This matter is recommitted to the magistrate judge for further proceedings.

**IT IS SO ORDERED.**

Sherri A. Lydon

October 14, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge